**YEE SOO HING v. PROCTOR, Commissioner of Immigration.**

No. 8292.

Circuit Court of Appeals, Ninth Circuit.

Nov. 9, 1936.

Joseph P. Fallon, of San Francisco, Cal., for appellant.

J. Charles Dennis, U. S. Atty., and F. A. Pellegrini and Gerald Shucklin, Asst. U. S. Attys., all of Seattle, Wash. (J. P. Sanderson, U. S. Immigration Service, of Seattle, Wash., on the brief), for appellee.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

PER CURIAM.

Appellant appeals from an order denying his application for a writ of habeas corpus. He claims to have been born in China and to be the son of a Chinese person who is a citizen of the United States by reason of his birth in the United States. The immigration authorities rejected his claim and the evidence in support of it upon the ground that the discrepancies in the testimony of the appellant and of his witnesses showed that the testimony was untrustworthy. The findings of the Department of Labor are set out in the findings of the Board of Review. The discrepancies relate to the date of birth of the appellant.

The appellant states that he was born January 16, 1904, and was the third son of his alleged father, Yee Ho On. In February, 1909, the alleged father first gave the name of the appellant as one of his sons. On February 1, 1909, two alleged older brothers of the appellant applied for admission to the United States at San Francisco. They then testified that Yee Sue Choon was the third of their father's children, aged seven, attending school in China, and that the fourth son was Yee Sue Hing, aged two years. In the same year at El Paso, Tex., the alleged father, on February 15, 1909, gave Yee Sue Heng as his third son, but when asked to give the birth dates of his children he gave Sue Tung as the third son, born November 6, 1903, and Sue Heng as born March 17, 1908. In 1912, when the alleged father returned from China he gave Yee Sue Heng as the third of his sons, born December 28, 1902. This birth date was inconsistent with the claim that the father begot the child in China, the father being in the United States at that time. In 1919 the alleged father named Yee Due Hing, 17 years old, as his third son, without giving his birth date. Appellant and his witnesses now claim that their alleged father had six sons in 1919, whereas the father stated at that time that he had never had more than four sons. When the alleged father returned from China in 1913 he claimed his family consisted of a wife and four sons. Between 1913 and 1919 he remained in the United States and on his application for return certificate in 1919 he again stated his family consisted of a wife and four sons. Appellant and his two witnesses testified that the alleged father had seven sons and no daughters. The witness Yee Sick Ying testified the youngest child is 15 years old, while the appellant and his alleged brother, Yee Sue Fook, testified the sixth son was born October 9, 1913, and the seventh was born August 23, 1921. The testimony as to the fifth and sixth sons was inconsistent with the testimony of the alleged father that in 1919 he had no more than four sons. In addition to these discrepancies between the witnesses with reference to the number of sons of the alleged father and the dates and order of birth, there are discrepancies with relation to other relatives.

In view of these discrepancies the Board was justified in rejecting the evidence tending to show appellant's citizenship. Appellant has pointed out no instance where appellant was deprived of a fair hearing, and we perceive none in the record.

Order affirmed.